J-S07039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EARL DAVANTE ALEXANDER | : | |
| | : | |
| Appellant | : | No. 1163 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 18, 2024
In the Court of Common Pleas of Perry County Criminal Division at
No(s): CP-50-CR-0000160-2022

BEFORE: NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: MAY 22, 2025**

Appellant, Earl Davante Alexander, appeals from the judgment of sentence entered in the Perry County Court of Common Pleas, following his jury trial convictions for four (4) counts of indecent assault and one (1) count of endangering the welfare of children ("EWOC").[1] We affirm.

The trial court opinion summarized the relevant facts of this appeal as follows:

> At trial, the victim, M.L., testified that in or around January 2020, [Appellant] engaged in sexual acts with her, when she was only twelve (12) years old.
>
> In 2019-2020, M.L. would spend time at her friend S.B.'s house, whose stepdad was Appellant. M.L. testified that while visiting the home, Appellant would comment on her appearance, such as stating how pretty he thought she was, and how nice he believed her body looked. M.L. also

---

[1] 18 Pa.C.S.A. §§ 3126(a)(1), (2), (7), (8), and 4304(a), respectively.

testified that [Appellant] "French kissed" her two times.

M.L. stated that one evening, [Appellant] carried her from the couch in the living room into S.B.'s bedroom and proceed[ed] to "French kiss" her by kissing her on the lips … while inserting his tongue into her mouth. On another occasion, M.L. stated that Appellant carried her from the couch in the living room to his bedroom and began to inappropriately touch her. During this instance, he touched her vagina under both her clothes and her underwear using his fingertips. M.L. asked Appellant to stop, and as she began to pull away, he held her down with his arm across her waist, preventing her from leaving. She was eventually able to break free after Appellant fell asleep. M.L. then testified to a third instance of touching while she was laying on the couch in the living room of Appellant's home. This time, she stated that while under a blanket, Appellant placed his hands onto her thigh, which she knew to be inappropriate and made her uncomfortable.

Further, the Commonwealth provided the testimony of Megan Briggs, a forensic interviewer with The Children's Resource Center, who interviewed M.L. about the incidents between her and Appellant. The jury was then able to view part of the recorded interview of M.L., which corroborated her prior testimony.[2]

(Trial Court Opinion, filed 10/14/24, at 2-3) (record citations omitted).

On May 4, 2022, the Commonwealth filed a criminal information charging Appellant with multiple counts of aggravated indecent assault[3] and indecent assault, as well as one count each of EWOC and the summary offense

_____

[2] The certified record on appeal includes the DVD disc with the recording of M.L.'s forensic interview. (**See** Commonwealth's Trial Exhibit 1, submitted 3/25/24). This Court reviewed the recording, wherein M.L. described the same instances of abuse that she later testified about at trial.

[3] 18 Pa.C.S.A. § 3125(a)(1), (2), (7), and (8).

of harassment.[4] Following trial, the jury convicted Appellant of four (4) counts of indecent assault and one count of EWOC. In a separate order, the court found Appellant guilty of harassment.[5] On July 18, 2024, the court sentenced Appellant to an aggregate term of three (3) to ten (10) years' imprisonment, followed by three (3) years of probation. Appellant did not file post-sentence motions.

Appellant timely filed a notice of appeal on August 14, 2024. That same day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on September 6, 2024.

Appellant now raises one issue on appeal:

> Whether the guilty verdicts … were in error as the evidence presented at trial was insufficient to prove [guilt] beyond a reasonable doubt[.]

(Appellant's Brief at 8).

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most

---

[4] 18 Pa.C.S.A. § 2709(a)(1).

[5] At the conclusion of the Commonwealth's case in chief, Appellant made an oral motion for a directed verdict as to all counts of aggravated indecent assault and one count of indecent assault. (*See* N.T. Trial, 3/25/24, at 123-24). After receiving argument from counsel, the court granted the motion as to the aggravated indecent assault counts, and it denied the motion as to the indecent assault count. (*Id.* at 127).

favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

*Commonwealth v. Sebolka*, 205 A.3d 329, 336-37 (Pa.Super. 2019) (quoting *Commonwealth v. Franklin*, 69 A.3d 719, 722-23 (Pa.Super. 2013)).

On appeal, Appellant sets forth a straightforward argument regarding the Commonwealth's trial evidence:

Appellant argues that the **weight** of the evidence did not support a finding of guilty as there were numerous discrepancies and inconsistencies between statements given by M.L. from the Children's Advocacy Center interviews, preliminary hearing and testimony at trial. Due to the large number of conflicts and inconsistencies as to such important facts, the jury erroneously **weighted** her testimony. In such, Appellant avers that the **weight** of the evidence burden was not met by the Commonwealth, [and]

- 4 -

that the jury erred in finding guilt beyond a reasonable doubt.

(Appellant's Brief at 15-16) (emphasis added). Despite Appellant's repeated references to the weight of the evidence, Appellant concludes that "the evidence at trial was insufficient to prove beyond a reasonable doubt that Appellant committed a crime[.]" We disagree.

Preliminarily, the distinction between a claim challenging the sufficiency of the evidence and a claim challenging the weight of the evidence is critical. *Commonwealth v. Widmer*, 560 Pa. 308, 318, 744 A.2d 745, 751 (2000).

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law.
>
> \* \* \*
>
> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion.

*Id.* at 319-20, 744 A.2d at 751-52 (internal citations, quotation marks, and footnote omitted). *See also Commonwealth v. Wilson*, 825 A.2d 710

(Pa.Super. 2003) (explaining sufficiency of evidence review does not include assessment of credibility, which is more properly characterized as challenge to weight of evidence).

Additionally, the Crimes Code defines indecent assault as follows:

**§ 3126.  Indecent assault**

**(a)     Offense defined.**—A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1)      the person does so without the complainant's consent;

(2)      the person does so by forcible compulsion;

*     *     *

(7)      the complainant is less than 13 years of age; or

(8)      the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3126(a)(1), (2), (7), (8).  "Indecent contact" is "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person."  18 Pa.C.S.A. § 3101.  Further, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." ***Commonwealth v. Castelhun***, 889 A.2d 1228, 1232 (Pa.Super. 2005) (quoting ***Commonwealth v. Bishop***, 742

A.2d 178, 189 (Pa.Super. 1999)).

The Crimes Code defines EWOC as follows:

**§ 4304.  Endangering welfare of children**

**(a)	Offense defined.**—

(1)	A parent, guardian or other person supervising the welfare of a child under 18 years of age, or a person that employs or supervises such a person, commits an offense if he knowingly endangers the welfare of the child by violating a duty of care, protection or support.

\* \* \*

(3)	As used in this subsection, the term "person supervising the welfare of a child" means a person other than a parent or guardian that provides care, education, training or control of a child.

18 Pa.C.S.A. § 4304(a)(1), (3).  The Commonwealth must prove the following to sustain an EWOC conviction: (1) the accused was aware of his duty to protect the child; (2) the accused was aware that the child was in circumstances that could threaten the child's physical or psychological welfare; and (3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare.  ***Commonwealth v. Bryant***, 57 A.3d 191, 197 (Pa.Super. 2012).

Finally, the Crimes Code defines harassment as follows:

**§ 2709.  Harassment**

**(a)	Offense defined.—**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

>  (1)    strikes, shoves, kicks or otherwise subjects the
>  other person to physical contact, or attempts or threatens
>  to do the same[.]

18 Pa.C.S.A. § 2709(a)(1).

Instantly, Appellant's brief concludes that the Commonwealth presented insufficient evidence where the jury improperly credited M.L.'s testimony. Notwithstanding Appellant's purported attempt to raise a sufficiency challenge, Appellant has blurred the concepts of weight and sufficiency. Essentially, Appellant contests M.L.'s credibility, which is a challenge to the weight of the evidence. **See Wilson, supra**. The record on appeal, however, reveals that Appellant failed to raise any objection to the weight of the evidence in the trial court. Therefore, Appellant's claim is waived. **See** Pa.R.Crim.P. 607(A) (stating defendant must raise weight claim with trial judge in first instance). **See also Commonwealth v. Cox**, 231 A.3d 1011, 1018 (Pa.Super. 2020) (stating weight challenge must be preserved either in post-sentence motion, written motion before sentencing, or orally prior to sentencing; appellant's failure to avail himself of any of prescribed methods for presenting weight issue to trial court constitutes waiver of that claim).

Even if we assess the sufficiency of the Commonwealth's evidence, no relief is due. M.L. testified at trial, and she explained that she turned twelve (12) years old in the fall of 2019. (**See** N.T. Trial at 30). M.L. would spend "a long time" at the home of her friend, S.B. (**Id.** at 32). Appellant is S.B.'s stepfather, and he lived in the home with S.B., her mother, and S.B.'s baby

- 8 -

sister.

Initially, M.L. stated that Appellant was "sexually harassing" her inside his home. (*Id.*) M.L. summarized the harassment as follows:

> Like, he used to make comments about me, telling me, like, how beautiful I am and how pretty I am and how nice my body is. And then he proceeded to French kiss me two times, and he took me into his room and he touched me.

(*Id.* at 33). Regarding Appellant's kisses, M.L. elaborated: "It was, like, all the same occasion but he did it once and I pulled away, and then he did it another time." (*Id.*) M.L. also defined "French kiss" as "[m]eaning that he kissed me and put his tongue in my mouth." (*Id.* at 34).

Regarding the first incident where inappropriate touching occurred, M.L. testified that she was on the sofa with S.B., who was asleep. Appellant entered the living room, picked up M.L., carried her to his bedroom, and placed M.L. on the bed. M.L. described what happened next as follows:

> He laid next to me, and then we were just laying there. And then he proceeded to touch me, and he proceeded to touch my vagina underneath my clothes and underneath my underwear. And then when I told him to stop, he wouldn't.
>
> He asked me if I was, like, growing any hair down there or something I recall. And I told him to stop and he wouldn't. But then he stopped and I tried pulling away, and then he proceeded to fall asleep. He had his arm around my waist so I couldn't get away. And he was, like—I was small and he was way bigger than me. I was too little to pull away.

(*Id.* at 37). After Appellant fell asleep, M.L. lifted his arm and exited the bedroom.

On cross-examination, M.L. described a second incident of inappropriate

touching: "He has touched my thigh before, like, my inner thigh." (**Id.** at 41). Although M.L. did not remember the date of this incident, she recalled that it happened when she was "watching TV" on Appellant's sofa. (**Id.**) S.B. was also on the sofa at the time.

> [S.B.] was on the other side of the couch and we were sharing a blanket. [Appellant] had his own blanket, and he touched my thigh under the blanket.

(**Id.**)

Viewing this evidence in the light most favorable to the Commonwealth as verdict winner, the record supports the verdicts. **See Sebolka, supra**. M.L.'s testimony established that Appellant forced her to engage in nonconsensual indecent contact when she was younger than thirteen years of age. **See** 18 Pa.C.S.A. §§ 3101; 3126. **See also Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (stating that act of wrapping one's arms around another person and inserting one's tongue into another's mouth clearly involves touching of intimate part; such act does not occur outside of context of sexual or intimate situation). Likewise, M.L.'s testimony supported the convictions for EWOC and harassment.[6] **See** 18 Pa.C.S.A. §§ 2709; 4304.

We emphasize that M.L.'s uncorroborated testimony alone provided

---

[6] Regarding the EWOC conviction, the parties stipulated "that at the time of the alleged incidents [Appellant] would have been a person supervising a child under the age of 18." (N.T. Trial at 122).

adequate support for Appellant's convictions. **See Castelhun, supra**. To the extent Appellant notes certain inconsistencies in M.L.'s various accounts of the criminal episodes, it fell within the province of the jury to determine the weight placed upon M.L.'s testimony. **See Commonwealth v. Williamson**, 330 A.3d 407, 417 (Pa.Super. 2025) (reiterating that for challenges to sufficiency of evidence, it is within province of factfinder to determine weight to be accorded to witness's testimony; factfinder may believe all, part, or none of evidence presented; appellate court may not re-weigh evidence and substitute our judgment for that of factfinder). We decline Appellant's invitation to re-weigh this evidence on appeal. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/22/2025